McKinney, J.,
delivered the opinion of the court.
This was a petition to the circuit court of Claiborne county for writs of certiorari and supersedeas, for the purpose of quashing an execution, upon the ground that the judgment had been fully satisfied before the issuance thereof.
The case stated in the petition is this : In February, 1848, Miller -recovered a judgment against Rogers, for about the sum of $25 25, before a justice of the peace in Campbell county. After said judgment had been fully satisfied, as is alleged in the petition, an execution was issued thereon, for the full amount of the judgment, and was certified to Claiborne county. Upon this execution, John Easley, a justice of Claiborne county, on the 24th day of July, 1849, issued an execution, pursuant to the act of 1805, chap. 66, sec. 4, which was placed in the hands of a Constable for said last mentioned county, who levied the same on the property of the defendant, on the day of the presentation of his petition.
The certiorari and supersedeas were issued from, and made returnable to, the circuit court of Claiborne. At the return term of the process, a motion was made to dismiss the petition, which, on argument, was made absolute, upon the ground that the jurisdiction of the case, made by the petition, belonged to the circuit court of Campbell, where the judgment had been rendered, and where the record of the suit remained ; and not to the court of Claiborne, to which the execution upon said judgment had been certified. And the question is : Did the court err in refusing, upon the ground stated, to entertain jurisdiction of the case ?
It is unquestionably true, that where- the certiorari is sought *24 to be used as a substitute for the appeal, to the end that an - other trial may be had upon the merits of the cause, the jurisdiction exclusively belongs to the circuit court of the county in which the justice’s judgment was rendered. But it is otherwise in a case like the present. Here the certiorari is resorted to instead of the audita querula. No new trial is asked for; nor is the judgment questioned. The petition merely seeks to have the execution issued by the justice of Claiborne county, quashed upon matter of discharge subsequent to the judgment. In such case the jurisdiction must of necessity belong to the circuit court of Claiborne. The act of 1805, above referred to, gives to the execution of the justice, certified and sent to a different county as therein provided for, the effect of a judgment, so far as to make it the foundation for the issuance of another execution thereon, by a justice of the county to which it is sent. And the execution grounded thereon, is to be returnable to the justice issuing the same; and not to the justice by whom the original judgment was rendered and execution issued. If, therefore, the process issued by the j ustice of the county to which such execution may have been certified, be irregular, or voidable, for any cause, the application to avoid the same must be to the court of the latter county.
It follows, therefore, that the judgment of the court below is erroneous, and must be reversed.